IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID M. McCRARY ESTATE & TRUST,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LOWES CORP., et al.,<br><br>　　　　Defendants. | **REPORT AND RECOMMENDATION AND ORDER TO OBTAIN COUNSEL**<br><br>Case No: 2:07-CV-346 JTG<br><br>District Judge J. Thomas Greene<br><br>Magistrate Judge David Nuffer |

　　　　David M. McCrary filed a "Notice of Civil Class Action Complaint"[1] purportedly on behalf of the David M. McCrary Estate & Trust.  Mr. McCrary is attempting to proceed pro se under the *in forma pauperis* statute, 28 U.S.C. § 1915, without prepayment of the filing fee.  Although the court previously granted McCrary's application to proceed *in forma pauperis*,[2] the magistrate judge, to whom this matter is referred under 28 U.S.C. 636(b)(1)(B) now recommends the application be denied and revoked as improvidently granted.

　　　　The Supreme Court has held that only natural persons qualify for *in forma pauperis* treatment under section 1915.[3]  Therefore, artificial entities such as the estate and trust may not proceed under that section.[4]  Similarly, artificial entities may appear in the federal courts only

---

[1] Docket no. 3, filed May 31, 2007.

[2] Docket no. 2, filed May 31, 2007.

[3] *Rowland v. California Men's Colony*, 506 U.S. 194 (1993).

[4] *Id.*

through licensed counsel.[5]  Since there is no indication that Mr. McCrary is a licensed attorney, he may not represent the David M. McCrary Estate & Trust in this case.

## RECOMMENDATION

The plaintiff is not eligible to proceed pro se under the *in forma pauperis* statute. Therefore, the magistrate judge recommends the application to proceed without prepayment of fees[6] be **DENIED** and that the district judge order that the plaintiff must pay the entire $350 statutory filing fee within thirty days from the date of the order of the district judge.

## ORDER

Further, the plaintiff must be represented by licensed counsel.  Accordingly, it is hereby **ORDERED** that Plaintiff must obtain counsel, and counsel must enter an appearance within thirty days.

October 18, 2007.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[5] *Id.* at 201-02; *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1334 (2007); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987)(holding that non-lawyer trustee could not represent trust); *Iannoccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998)(holding that non-attorney representative of estate may not proceed pro se in an action by the estate where estate has beneficiaries or creditors other than the representative); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997)(same).

[6] Docket no. 1, filed May 31, 2007.